In the Matter of Michael Lee **LAYTON**,
Bankrupt.
No. B-8600.

United States District Court
D. Arizona.
Sept. 16, 1963.

Stanley A. Jerman, Phoenix, Ariz., referee in bankruptcy.

D. W. Grainger, Phoenix, Ariz., for bankrupt.

Joseph Brinig, Phoenix, Ariz., trustee.

EAST, District Judge.

The petitioner/bankrupt is aggrieved by and seeks a review of an order of the Referee confirming the sale of the sole asset of the petitioner's estate, being a putative claim for $15,000 against State Farm Automobile Insurance Company, arising out of alleged misconduct or negligence of the insurance company in failing to settle out of court within the coverage of the policy limits, and thereby permitting petitioner to suffer judgment for a substantial amount in excess of the insurance coverage.

Petitioner contends:

1) That the alleged wrongful conduct by State Farm did not result in a cause of action in favor of the petitioner/bankrupt because he was not injured by this conduct and that therefore the Trustee was not in possession of a saleable asset.

2) In the alternative, that the sale was void since no appraisal was made as required by § 70, sub. f of the Bankruptcy Act.

3) That the asset was sold at a private sale, in violation of General Order 18(1) of the Bankruptcy Act.

Section 70, sub. a of the Bankruptcy Act defines the property rights of the bankrupt which vest in the trustee and, in subsection (5), includes "property, including rights of action, which prior to the filing of the petition he could by any means have transferred * * *."

It seems that the petitioner's alleged cause of action against State Farm Automobile Insurance Company

is a chose in action arising from a breach of contract or a tortious damage to property and which, under either concept, is a chose in action which survives and is assignable and therefore properly a part of the bankrupt estate which vests in and is to be liquidated by the Trustee under § 70, sub. a above. 5 Couch on Insurance, 4118; see also ann. No. 692 under Title 11 U.S.C.A. § 110.[1] As shown by the record, the Trustee treated the chose in action as an asset of the estate in that he sold it at private sale to the judgment creditor of the petitioner for the purchase price of $100.

Section 70, sub. f of the Bankruptcy Act reads as follows:

"The court shall appoint a competent and disinterested appraiser * * who shall appraise all the items of real and personal property belonging to the bankrupt estate * *."

This section makes no distinction between choses in action and other types of personal property, nor does it specifically exclude choses in action. Bragg v. Gerstel, 148 F.2d 757, 760, (5th Cir., 1945) states that:

"The court unquestionably ought generally to appoint appraisers as the section requires before a sale of the estate, but this is for the information of the court, the creditors and the bidders, where it can be of help. It is not a condition precedent to a sale."

Both the existence and value of the asset in question in the Bragg case depended on disputed legal questions; there-fore, the court felt the referee was jus-tified in exercising his discretion and waiving an appraisal. The facts before this Court bear some resemblance to those in Bragg in that the existence of the asset, a chose in action, does rest on a disputable legal question, the same question raised in Harris v. Standard Accident & Ins. Co., 297 F.2d 627 (2nd Cir., 1961). However, the value of the asset is not as uncertain. The test laid down in the Bragg case is that the referee does not abuse his discretion in waiving appraisal of the bankrupt's assets if the appraisal would be "formal and useless." The Referee mis-states Bragg when he cites it for the proposition that "The lack of an appraisal does not void a sale where the value of the asset sold is incapable of being subject to definite ascertainment." The Bragg case does not relax the requirements of the statute to that extent.

It is a common practice for insurance companies to make an "estimate of the situation" on all claims arising under their policies and to place a reserve value thereon. An astute, prudent Trustee should do no less for the benefit of his estate. One Hundred Dollars is too much for a lame duck, and too little for a golden goose. An appraisal would have told the Trustee what sort of a fowl he held.

General Order 18 of the Bankruptcy Act, subsection (1), states that "All sales shall be by public auction unless otherwise ordered by the court." Sub-section (2) reads, in part: "Upon application to the court, and for good cause

1. It seems that the insurer has a reciprocal duty along with the insured under the contract of insurance to "cooperate" in the handling of claims arising under the contract of insurance. "It (the insurer) must consider also the impact of its decision (whether to settle within policy limits or to litigate) upon its insured and deal fairly and in good faith. This duty arises not so much under the terms of the contract but is said to arise because of the contract and to flow from it." Southern Fire & Casualty Co. v. Morris, 35 Tenn.App. 657, 250 S.W.2d 785, 790 (1950), cited in Farmers Insur-ance Exchange v. Henderson, 82 Ariz. 335, 313 P.2d 404, 408 (1957).
I would liken this duty to that of an implied contractual warranty on the part of the compensated insurer to at all times exercise due care and good faith when utilizing its expertise during its exclu-sive control of investigating and conduct-ing the defense of claims against its insured. Under this concept the chose in action sounds in contract rather than in tort—likened to a manufacturer's or a stevedore's implied warranty of fitness and meet and proper conduct.

shown, the receiver or trustee may be authorized to sell the property of the estate or any specified portion thereof at private sale * * *." Nothing in the Referee's summary of evidence indicates that "good cause" was shown by the Trustee explaining why a private sale was preferable to a public sale. An example of circumstances which might justify such a sale would be if the assets in question were perishable and immediate sale would be necessary to recover their value.

In two particulars the Referee allowed the Trustee to deviate from prescribed procedures in disposing of the assets of the bankrupt's estate. Neither deviation was explained or justified in the record of the proceedings. While it is true there is ample authority for both waiving appraisal and selling at a private sale, the same authorities indicate that such deviations are justified only in unusual or extenuating circumstances.

A public sale with open bidding might obviate the need or offset the lack of a presale appraisal, and a presale appraisal might justify a private sale; however, a private sale of a bankrupt's assets without a strong showing of reasonable necessity in the absence of a presale appraisal, as had here, does not amount to a substantial compliance with the provisions and general orders under the Bankruptcy Act. Accordingly, the Referee's order dated June 5, 1963, confirming the Trustee's sale of the bankrupt's claim or chose in action against State Farm Mutual Automobile Insurance Company arising out of cause No. 103877 in the Superior Court of the State of Arizona for the County of Maricopa to Raphael G. Rocha for the sum of $100.00 on May 14, 1963, should be reversed, vacated and said sale voided. And, further, that said chose in action should be determined to be an asset of the bankrupt's estate to be further dealt with by the Trustee in the manner provided by law.

Counsel for the bankrupt may present proposed order in compliance with this memorandum.